IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Respondent,　　　　　　　　No. CR S-07-0411 LKK EFB P

  vs.

FRANCISCO HUATO SANCHEZ,

      Movant.　　　　　　　　FINDINGS AND RECOMMENDATIONS

_____/

      Movant has filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. Movant claims that he received ineffective assistance from his trial counsel. Respondent has filed a motion to dismiss, arguing that movant's claim is barred by the applicable statute of limitations.[1] Upon careful consideration of the record and the applicable law, it is recommended that respondent's motion to dismiss be granted and that movant's section 2255 motion be dismissed as untimely.

////

////

---

[1] Respondent also argues that movant's plea agreement bars his § 2255 motion, and that movant fails to state a cognizable ineffective assistance of counsel claim. Because it is recommended that movant's motion be dismissed as untimely, these findings and recommendations do not address respondent's additional arguments.

1

## I. Procedural History

On September 13, 2007, a federal grand jury indicted movant on a violation of 21 U.S.C. § 841(a)(1), alleging that he knowingly and intentionally manufactured at least 1,000 marijuana plants, a Schedule I controlled substance. Dckt. No. 6. The court appointed an Assistant Federal Defender to represent movant. Dckt No. 3. On September 4, 2007, movant was arraigned and entered a plea of not guilty. Dckt. No. 8. On March 4, 2008, upon movant's request for new counsel, the court relieved the Assistant Federal defender and appointed a new attorney to represent movant. Dckt. Nos. 25, 26.

On March 11, 2008, movant changed his plea of not guilty and entered a new plea of guilty pursuant to a plea agreement. Dckt. Nos. 30, 32. On May 13, 2008,[2] the court entered a judgment consistent with the plea agreement of the parties, and movant was sentenced to the custody of the U.S. Bureau of Prisons for a 120-month term of imprisonment. Dckt. Nos. 35, 36.

On December 22, 2010, movant on his own behalf filed a section 2255 motion with this court to vacate, set aside, or correct his sentence. Dckt. No. 38 ("Movant's Motion"). Respondent filed a motion to dismiss on May 26, 2010. Dckt. No. 42. Movant filed an opposition to respondent's motion on July 19, 2010. Dckt. No. 44 ("Movant's Opp'n").

## II. Movant's Claims

Movant seeks relief alleging that he received ineffective assistance from his trial counsel. He argues that his counsel "failed to investigate and review discovery material" or to "advise movant that evidence was unavailable that he manufactured marijuana plaints." Movant's Motion at 4.[3] Movant asserts that he informed his counsel that he was hired as a labor worker not knowing that the work included watering marijuana plaints, and that the plants were fully grown when he began working at the ranch. *Id.* Movant also claims to have believed that

---

[2] Respondent's motion misstates this date as March 13, 2008. *See* Dckt. No. 42.

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

watering marijuana plants was legal. *Id.* at 8. According to movant, counsel coerced him into pleading guilty and did not advise him that ten years imprisonment was the mandatory minimum penalty for the crime. *Id.* at 4. Movant also asserts that he had an alibi defense that counsel did not consider or investigate, and that he was only guilty of being an "accessory after the fact that [the] marijuana [had] been manufactured." *Id.* at 5.

### III.  Respondent's Motion to Dismiss

Respondent argues that the pending motion should be dismissed because movant failed to file his motion within one year from the entry of final judgment as required under 28 U.S.C. § 2255. The statute of limitations set forth in 28 U.S.C. § 2255(f) provides as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Movant's conviction became final on June 1, 2008, ten days after the entry of judgment on May 22, 2008.[4] *See* Fed. R. App. P. 4(b)[5]; *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) ("Thus, as to Schwartz, and except for the grace period of the AEDPA, the

---

[4] Although movant was sentenced on May 13, 2008, the Judgment was not signed by the sentencing judge and filed until May 22, 2008. Dckt. No. 36.

[5] In 2009, the time for filing a notice of appeal set in Rule 4(b) of the Federal Rules of Appellate Procedure was amended from ten days to fourteen days.

3

statute of limitations within which she had to file her § 2255 motion began to run upon the expiration of the time during which she could have sought review by direct appeal.")  The one-year limitations period for seeking relief pursuant to 28 U.S.C. § 2255 in this case therefore expired on June 1, 2009.  Movant did not file his section 2255 motion until December 22, 2009, more than six months too late.  Pursuant to the limitations period set forth in 28 U.S.C. § 2255(f), the motion pending before this court is time-barred.

In his opposition to respondent's motion to dismiss, movant states he does "not negate the fact that [he] was guilty of the charge that [he] plead guilty to," and that he apologizes for his behavior.  Movant's Opp'n at 2, 3.  Movant does, however, request leniency and asks that his sentence be reduced, explaining that he was forced to work at the ranch and was told not to contact the police, or else his family would be killed.  *Id.*  He claims that his family was eventually able to save money to move to a new town where they are now safe, but that until he knew his family was safe, he was unable to come forward with this information. *Id.* at 2.  The court will interpret this argument by movant as seeking the equitable tolling of the one-year statute of limitations.

The United States Supreme Court has recently confirmed that AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). *See also United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) (determining that the statute of limitations contained in § 2255 is subject to equitable tolling). However, "a 'petitioner' is 'entitled to equitable tolling' only where he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).[6] *See also Harris v. Carter*, 515 F.3d 1051, 1054 (9th Cir. 2008); *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003).  Thus, equitable tolling is

---

[6] "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'"  *Holland*, 130 S.Ct. at 2565 (citations omitted).

4

appropriate only when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Moreover, the petitioner bears the burden of demonstrating the existence of grounds for equitable tolling. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Courts are expected to "take seriously Congress's desire to accelerate the federal habeas process." *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1289 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998). *See also Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (describing the Ninth Circuit's standard as setting a "high hurdle" to the application of equitable tolling). To this end, "the circumstances of a case must be "extraordinary" before equitable tolling can be applied[.]" *Holland*, 130 S.Ct. at 2564. Whether a party is entitled to equitable tolling "turns on the facts and circumstances of a particular case." *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003) (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). *See also Holland*, 130 S.Ct. at 2565 (leaving "to the Court of Appeals to determine whether the facts in this record entitle Holland to equitable tolling, or whether further proceedings, including an evidentiary hearing, might indicate that respondent should prevail")

Here, none of the considerations offered by movant in his opposition demonstrate that "extraordinary circumstances" beyond his control made it impossible for him to file a timely section 2255 motion. While he claims to have been forced to commit a federal crime or risk death to his family, these unfortunate circumstances fail to explain or excuse the untimeliness of his motion. Movant's motion raises an ineffective assistance of counsel claim only, and his claim rests on facts that were known or should have been known by movant at that time he was sentenced. His opposition fails to show how he was prevented from timely presenting his claim of ineffective assistance of counsel to this court within the time required by the statute.

////

Additionally, movant has failed to demonstrate that he diligently pursued his rights. The record reflects that movant waited until October 28, 2009 – nearly five months after the statute of limitations had run – to request a form for filing a section 2255 motion. Dckt. No. 37. He offers no substantial or compelling excuse for waiting nearly a year and a half after discovering the facts underlying his ineffective assistance of counsel claim to file a motion seeking relief under section 2255. Movant is therefore not entitled to equitable tolling of the applicable statute of limitations.

## IV.  Conclusion

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Respondent's May 26, 2010 motion to dismiss (Dckt. No. 42) be granted;

2. Movant's February 1, 2010 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dckt. No. 38) be denied; and

3. The Clerk be directed to close the companion civil case No. CIV S-10-0260 LKK EFB P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In any objections he elects to file, movant may address whether a certificate of appealability should issue in the event he elects to file an appeal from the judgment in this case. *See* Rule 11, Federal

////

////

////

Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: June 17, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE